CORRECTED

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-0299V**
**Filed: April 29, 2019**

* * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| L.F., | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

Order; Motion for Redaction; Special Processing Unit (SPU); Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA)

## ORDER GRANTING REDACTION-SPECIAL PROCESSING UNIT[1]

**Dorsey,** Chief Special Master:

On March 3, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder/arm injuries casually related to the influenza vaccination she received on October 12, 2015. Petition at 1, ¶¶ 2, 11-12.

On February 5, 2019, the parties filed a stipulation indicating that, despite respondent's belief that petitioner's injuries were not caused by the vaccination she received, the parties agreed to informally settle the case for compensation in the amount of $146,706.40. Stipulation (ECF No. 43). The same day, the undersigned issued a decision awarding the agreed upon amount. Decision on Joint Stipulation ("Decision") (ECF No. 44). The decision included a footnote indicating they would be posted to the court's website and allowing petitioner "14 days to identify and move to

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **In light of the undersigned's conclusion below, the undersigned intends to post this order with a redacted caption**. To the extent petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy." Decision at 1 n.1.

On February 14, 2019, petitioner filed a motion requesting that her name be redacted to initials. Motion for Redact Decision ("Motion") at 2 (ECF No. 48). Respondent filed his response on February 28, 2019. Response to Petitioner's Motion for Redaction ("Response") (ECF No. 49). For the reasons described below, the undersigned grants petitioner's request and orders the caption be amended to reflect petitioner's initials only.

## I.   Legal Standard

Section 12(d)(4)[3] of the Vaccine Act, which is incorporated into Vaccine Rule 18, governs the disclosure of information submitted during a vaccine proceeding. Under § 12(d)(4)(A), information submitted in a vaccine proceeding may not be disclosed without the written consent of the party who submitted the information. Thus, Congress protected any information submitted by a party from public view, effectively sealing pre-decisional Vaccine Act proceedings. However, in 1989, Congress added § 12(d)(4)(B)[4]

---

[3] Section 12(d)(4) provides:

(A) Except as provided in subparagraph (B), information submitted to a special master or the court in a proceeding on a petition may not be disclosed to a person who is not a party to the proceeding without the express written consent of the person who submitted the information.

(B) A decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information--

(i) which is trade secret or commercial or financial information which is privileged and confidential, or

(ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,

and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

[4] P.L. No. 101-239, 103 Stat. 2106. The legislative history for these changes is silent as to the reasons for adding the requirement that decisions of special masters be disclosed. The language prohibiting disclosure of information submitted during vaccine proceedings without written consent (which now appears at § 12(d)(4)(A)) was originally located at the end of the paragraph describing the special masters' discovery powers (§ 12(c)(2) (Supp. V 1988)). In the 1989 amendments, this non-disclosure provision (which abrogated the common law rule that court filings are open to public scrutiny (*see* discussion in Section II.B.1. below)) was moved to § 12(d)(4)(A) and the new directive requiring the disclosure of vaccine decisions was added in § 12(d)(4)(B). *See* H.R. Conf. Rep. 101-386, at 512-13 (1989), *reprinted in* 1989 U.S.C.C.A.N. 3018, 3115-16; *see also Castagna v. Sec'y of Health & Human Servs.*, No. 99-411V, 2011 WL 4348135, at *6-7 (Fed. Cl. Spec. Mstr. Aug. 25, 2011) (for a comprehensive discussion of the legislative history of the Vaccine Act and the 1989 amendments). Included in the 1989 amendments was the authority for special masters to issue final decisions in vaccine cases. § 12(d)(3)(A).

which requires the disclosure of vaccine decisions while allowing the parties to seek redaction of "trade secret or commercial or financial information which is privileged and confidential" (§ 12(d)(4)(B)(i)) or "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy" (§ 12(d)(4)(B)(ii)).  Under the Vaccine Rules, the parties are given 14 days "to object to the public disclosure of any information furnished by that party."  Vaccine Rule 18(b).

Thirteen years after the addition of § 12(d)(4)(B), Congress enacted the E-Government Act of 2002[5] in an effort to improve public access to government information and services.  Under § 205, which applies to all federal courts, Congress required the courts to establish and maintain websites where the public can view information including "all written opinions issued by the court" (published and unpublished).  Because of privacy and security concerns associated with this increased public access, Congress instructed the Supreme Court to "prescribe rules" to address these concerns.  E-Government Act § 205(c)(3).  In response, the federal courts adopted Federal Rule of Civil Procedure ("FRCP") 5.2.  Approximately a year later, the United States Court of Federal Claims incorporated FRCP 5.2, minus subsection c (which deals with Social Security appeals and Immigration cases), into its Rules of the United States Court of Federal Claim ("RCFC").  RCFC 5.2 allows a party to use an abbreviated version of certain personal information when filing documents with the court.  Under this rule, a party may redact a minor's name to initials in any filed document.  RCFC 5.2(a)(3).

Since § 12(d)(4)(A) protects documents filed in vaccine proceedings from public view, there is no need to perform the redactions set forth in RCFC 5.2.[6]  However, in keeping with the desire to protect the identity of minors, Vaccine Rule 16 was amended in 2011 to allow the use of the minor's initials in petitions filed in vaccine proceedings.  *See* Vaccine Rule 16(b).  Judges and special masters have continued to address whether adult petitioners are entitled to redaction of their names under the framework provided by § 12(d)(4) and Vaccine Rule 18.

The caselaw in this area reveals two primary approaches, involving differing levels of scrutiny, which have been utilized when determining if redaction of an adult petitioner's name is warranted.  *See R.K. v. Sec'y of Health & Human Servs.*, 125 Fed. Cl. 276, 278 (2016).  These approaches are reflected in the analyses employed in *Langland* and *W.C.  See W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011); *Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *aff'd on point,* 109 Fed. Cl. 421, 424 n.1 (2013);

---

[5] E–Government Act of 2002, Pub.L. No. 107–347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In later citations, I will refer simply to the E-Government Act.

[6] The Vaccine Rules govern all vaccine proceedings.  Vaccine Rule 1(a).  "The RCFC apply only to the extent they are consistent with the Vaccine Rules."  Vaccine Rule 1(c).

Focusing on the public interest in disclosure and inability to provide the total anonymity requested,[7] the special master in *Langland* declined to redact all medical information or, in the alternative, the petitioner's names and all identifying information as requested by petitioner.  2011 WL 802695.  Recognizing the heightened privacy needs for a minor vaccinee, the special master allowed redaction of the child's name and birth date.  *Id.*, at *11.

Following this approach, other special masters have denied petitioners' requests for redaction of adult names.  *See Castagna v. Sec'y of Health & Human Servs.*, No. 99-411V, 2011 WL 4348135 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Anderson v. Sec'y of Health & Human Servs.*, No. 08-396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. June 4, 2014); *Windhorst v. Sec'y of Health & Human Servs.,* No. 13-0647V, 2017 WL 728045 (Fed. Cl. Spec. Mstr. Jan. 10, 2017); *Floyd v. Sec'y of Health & Human Servs.,* No. 13-0556V, 2017 WL 1315684 (Fed. Cl. Spec. Mstr. Mar. 2, 2017).

In *W.C.*, Judge Lettow employed a balancing test similar to the one used in the Freedom of Information Act (FOIA).  100 Fed. Cl. at 458-459.  Under this test, the public interest in the information considered for redaction is weighed against the privacy interest of the petitioner when determining if the publication of this information would be clearly unwarranted.  *Id.* at 461.  Thus, a greater privacy interest is needed to warrant redaction of information helpful to the public such as the injury suffered after vaccination or the amount awarded under the Vaccine Program.  Stressing the lack of importance Congress assigned to the disclosure of "the names of those adversely affected by vaccines" (*id.* at 457; *accord.* at 460), Judge Lettow determined petitioner's "rational concern that disclosure of his identity would have potential adverse consequences to his ability to perform his assigned work" (*id.* at 461) was sufficient to warrant redaction of his name.

Increasingly, judges and special masters are following the approach set forth in *W.C.* and granting redaction of an adult petitioner's name when a basis for the redaction has been provided.  *See, e.g., R.K.,* 125 Fed. Cl. at 278 (affirming the special master's determination that the *W.C.* approach was appropriate given the exceptionally detailed discussion of the minor's medical condition); *B.A. v. Sec'y of Health & Human Servs.,* No. 11-0051V 2019 WL 460140, at *2 (Fed. Cl. Spec. Mstr. Jan. 8, 2019); *L.Z. v. Sec'y of Health & Human Servs.*, No. 14-0920V, 2018 WL 5784537, at *2 (Fed. Cl. Spec. Mstr. Sept. 25, 2018); *T.M. v. Sec'y of Health & Human Servs.,* No. 17-0138V, 2018 WL 5269806 (Fed. Cl. Spec. Mstr. Aug. 13, 2018).  However, this standard has been applied only to information not helpful to the public such as the petitioner's name.  *See, e.g., R.K.,* 125 Fed. Cl. at 278-79 (noting the special master refused to redact the names of medical practitioners who were "just doing their jobs"); *House v. Sec'y of Health & Human Servs.*, No. 99-0406V, 2012 WL 402040, at *6 n.15 (Fed. Cl. Spec. Mstr. Jan. 11, 2012) (declining to follow the standard in *W.C.* when deciding whether to

---

[7] The Vaccine Act requires the Secretary to publish any petition within 30 days of receiving service. § 12(b)(2).  Because RCFC 79(a) requires that all documents contain the file number for the case, a motivated individual can ascertain the identity of an adult whose name is later redacted to initials.

redact medical information).  Additionally, special masters have distinguished *W.C.* by emphasizing the compelling reason for redaction which was provided in that case.[8]

Even when a special master has rejected the analysis used in *W.C.*, redaction has been allowed when a sufficient reason has been provided.  *See K.O. v. Sec'y of Health & Human Servs.,* No. 13-0472V, 2016 WL 7634492, at \*7-8 (Fed. Cl. Spec. Mstr. Nov. 30, 2016).  Special masters have denied redaction requests when no basis for the redaction has been provided.  *Windhorst*, 2017 WL 728045, at \*4.

## II.   Parties' Arguments

### A.  Petitioner's Arguments

In her motion, petitioner indicates that her younger sister suffers from bipolar disease and drug addiction, that she is raising five children, all under 13 years old, and that her husband works out of their home.  Motion at ¶¶ 1-2.  She fears that publication of the decision showing she was awarded compensation in the amount of $146,706.40 would put her family's safety at risk.  *Id.* at ¶¶ 2-5.  Petitioner requests that her name be redacted to reflect only her initials.  *Id.* at 2.

### B.  Respondent's Arguments

In his response, respondent indicates that he "does not believe it is appropriate to advocate in favor of disclosure of a petitioner's information in any particular case."  Response at 5.  Instead, respondent "defers to the special master's judgement as to whether petitioner's Motion should be granted, applying the analytical framework discussed [in the response]."  *Id.*

## III.   Analysis and Conclusion

In this case, the undersigned agrees with the rationale expressed in *W.C.* and *R.K.*  Given the illnesses suffered by petitioner's sister, sensitivity to petitioner's concerns for the safety of her family outweighs the competing interest in disclosure.  **Petitioner's motion is therefore __GRANTED__.**  Thus, the public version of the decision shall be redacted to include only petitioner's initials, L.F.  Moreover, **the undersigned also directs the Clerk to amend the case caption to the following:**

---

[8] The petitioner in *W.C.* was a federal employee who, as part of his duties, often testified in court proceedings.  *See Windhorst,* 2017 WL 728045, at \*4; *House* 2012 WL 402040, at \*6 n.15.  The petitioner in *W.C.* argued that, if known to the public, his medical condition could be used to discredit his testimony. 100 Fed. Cl. at 447.

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
L.F.,                                    *
                                         *
               Petitioner,               *
v.                                       *
                                         *
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
               Respondent.               *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

Any questions about this order or about this case generally may be directed to OSM staff attorney, Stacy Sims, at (202) 357-6349 or email: Stacy_Sims@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master